UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff*,

-against-

ALLEGIANCE ADMINISTRATORS, LLC, and
NATIONAL ADMINISTRATIVE SOLUTIONS CORP.,

*Defendants*.

# CLASS-ACTION COMPLAINT

### INTRODUCTION

1. This action arises out of telephone calls, made by, on behalf of, or with the authorization of Allegiance Administrators, LLC, and National Administrative Solutions Corp. The telephone calls were made by equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

2. The legal claims arise under a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and New York General Business Law ("GBL") § 399-p.

3. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential or cellular telephone number one or more telephone calls, described in paragraph "1" and further described below, were placed (the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Class Period").

1

4. Plaintiff also brings this action individually and as a class action on behalf of all persons who received one or more telephone calls, described in paragraph "1" and further described below, on a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

5. Plaintiff seeks, individually and on behalf of the other Federal Class Members, statutory damages, injunctive relief, and costs.

6. Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. § 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §§ 1332(d)(2)(A) and 1367(a).

8. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

10. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

11. Defendant, Allegiance Administrators, LLC ("Allegiance"), is a corporation organized and existing under the laws of Ohio, and has a principal place of business at 5500 Frantz Road, Suite 100, Dublin, Ohio 43017.

12. Defendant, National Administrative Solutions Corp. ("NASC"), is a corporation

organized and existing under the laws of Ohio, and has a principal place of business at 5500 Frantz Road, Suite 100, Dublin, Ohio 43017.

## FACTS

13. On or about May 5, 2016, Bank received, on his residential telephone line, a telephone call whose Caller ID was "V50513274100107; 954-858-5224" ("Bank's Robocall").

14. Upon Bank's answering of Bank's Robocall, a prerecorded voice played the following message:

> Center regarding your vehicle's warranty. We sent you a couple of notices in the mail letting you know the warranty on your vehicle has expired, or is set to expire, and this is a courtesy call to activate a service agreement before we close out your file. Would you like to hear your options about getting back under coverage? [Bank: OK, yes] Does your vehicle have less than a hundred fifty thousand miles? [Bank: Yes]. Perfect. I'm going to bring a service advisor on the line with us to go over the options. One Second. Is that OK? [Bank: Yes]

15. Upon the completion of the prerecorded message quoted in the preceding paragraph, Bank was transferred to a live person (the "Live Person").

16. The Live Person identified himself as an employee of Patriot Protection Shield, Inc. ("Patriot Shield"), a California corporation.

17. The Live Person attempted to sell extended vehicle-warranty coverage that is provided by Allegiance and NASC (the "Allegiance/NASC Warranty Coverage")

18. The Live Person stated that Bank's Robocall was made on behalf of Defendants.

19. The Live Person stated that, in addition to Bank's Robocall, numerous robocalls that were made to other recipients and that were identical, or materially the same in sum and substance, to Bank's Robocall (the "Class Robocalls").

20. Bank's Robocall was among thousands of Class Robocalls.

21. The Class Robocalls, upon being answered by either a live person or an answering

3

device, played a prerecord message that was identical, or materially the same in sum and substance, to the prerecorded message that was played upon the answering of Bank's Robocall.

20. The Live Person stated that Bank's vehicle information, *i.e.*, year, made, model, and Vehicle Identification Number, had been obtained from the dealer from which Bank had purchased the vehicle.

21. The Live Person stated that Bank's telephone number had been obtained from the dealer from which Bank had purchased the vehicle.

22. Bank had given his telephone number to the dealer from which he had purchased the vehicle.

23. Bank had represented to the dealer from which he had purchased the vehicle that Bank's telephone number was his residential number.

24. The Live Person told Bank that Bank's Robocall was one of numerous calls, made to other recipients, that had played a prerecorded message that was the same as, or substantially similar to, the prerecorded message that was played when Bank answered Bank's Robocall.

25. At all relevant times, Defendants had a contractual relationship with Patriot Shield (the "Allegiance/NASC-Patriot Shield Contractual Relationship").

26. At all relevant times, the Allegiance/NASC-Patriot Shield Contractual Relationship authorized Patriot Shield to advertise Allegiance/NASC Warranty Coverage, and to sell Allegiance/NASC Warranty Coverage.

27. At all relevant times, Patriot Shield, when advertising Allegiance/NASC Warranty Coverage, was doing so on behalf of Defendants.

28. At all relevant times, the Allegiance/NASC-Patriot Shield Contractual Relationship, upon information and belief, provided Defendants the right to place prohibitions and restrictions (the

4

"Allegiance/NASC-Patriot Shield Prohibitions and Restrictions") upon the methods of advertising of Allegiance/NASC Warranty Coverage by Patriot Shield.

29. Upon information and belief, the Allegiance/NASC-Patriot Shield Prohibitions and Restrictions include any prohibitions and restrictions that would be necessary to ensure that advertising of Allegiance/NASC Warranty Coverage does not violate federal, state, or local law.

30. Upon information and belief, Defendants had the right, under the Allegiance/NASC-Patriot Shield Contractual Relationship, to impose Allegiance/NASC-Patriot Shield Prohibitions and Restrictions on an interim basis, *i.e.*, during, as well as prior to, the time in which Patriot Shield was advertising Allegiance/NASC Warranty Coverage.

31. At all relevant times, Defendants have known of the fact that Patriot Shield was making the Class Robocalls.

32. At all relevant times, Defendants have accepted and received financial benefits as a result of the Class Robocalls.

33. Bank's Robocall was made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

34. Bank's Robocall did not state, at the beginning of the calls, the name of the person or on whose behalf the message was being transmitted.

35. Bank's Robocall did not state, at the end of the message, the address and telephone number of the person on whose behalf the message was transmitted.

36. Bank's Robocall was made without prior express written consent.

37. The Class Robocalls were made without prior express written consent.

5

**APPLICABLE LAW**

A.     **Regulation of Certain Calls to Residential and Cellular Telephone Numbers**

    **(i)**     **Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")**

38.     With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

39.     With respect to telephone numbers assigned to a cellular telephone service, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

40.     Recipients of calls that are made in violation of 47 U.S.C. § 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. § 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

    **(ii)**     **Liability of Entities That Do Not Directly Place Illegal Calls**

41.     As explained by the Federal Communications Commission ("FCC"), the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling*, 20 FCC Rcd. 13664, 13667, ¶ 7 (2005) ("a company on whose behalf a telephone solicitation

is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call."); *In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013) (with respect to violations of Section 227(b), a seller can be vicariously liable for unlawful calls placed by third parties). *Accord*, *Savanna Group., Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 4734004, at *5 (N.D. Ill. Sept. 3, 2013); *Mey v. Monitronics Int'l, Inc.*, 11-cv-90, 2013 WL 4105430, at *4-*5 (N.D. W. Va. Aug. 14, 2013); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-1085 (C.D. Cal. 2012).

**B.     New York General Business Law Section 399-p**

42.     New York General Business Law § 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

43.     Persons whose rights under GBL § 399-p are violated are entitled, pursuant to GBL § 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

## FIRST CAUSE OF ACTION

44.     Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "37" inclusive of this Complaint as if fully set forth herein.

45.     The placement of the telephone calls described herein violated 47 U.S.C. § 227(b)(1).

46.     Bank and Members of the Federal Class are entitled to statutory damages of $500 per

8

violation pursuant to 47 U.S.C. § 227(b)(3)(B).

47. In the event that Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. § 227(b)(3)(C).

48. Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1).

## SECOND CAUSE OF ACTION

49. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "37" inclusive of this Complaint as if fully set forth herein.

50. The placement of the telephone calls described herein violated GBL § 399-p(3)(a).

51. Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL § 399-p(9).

52. Bank and the other Members of the New York Class are entitled to an Order, pursuant to GBL § 399-p(9), enjoining Defendants from violating GBL § 399-p(3)(a)

53. Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL § 399-p(9).

## CLASS ALLEGATIONS

54. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone number Defendants, or third parties acting by, on behalf of, or with the authorization of Defendants, placed, directly or through third parties, one or more Class Robocalls (the "Federal Class"), during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Class Period").

55. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone number Defendants, or third parties acting by, on behalf of, or with the authorization of Defendants, placed, directly or through third parties, one or more Class Robocalls on a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

56. Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Defendants' wrongful conduct in the same manner in which Bank has sustained damages arising out of Defendants' unlawful conduct.

57. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

59. Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

(i) whether Defendants, or third parties acting by, on behalf of, or with the authorization of Defendants, placed, directly or through third parties, telephone calls using an artificial or prerecorded voice that delivered a message to residential or cellular telephone lines;

(ii) whether Defendants violated Section 227(b)(1) of the TCPA;

(iii) whether Defendants willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iv) whether the Members of the Federal Class are entitled to damages as a result of Defendants' violations of Section 227(b)(1) of the TCPA, and, if so, how much; and

(v) whether the Members of the Federal Class are entitled to injunctive relief as a result of Defendants' violations of Section 227(b)(1) of the TCPA.

60. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i) whether Defendants, or third parties acting by, on behalf of, or with the authorization of Defendants, placed, directly or through third parties, telephone calls using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator;

(ii) whether Defendants violated GBL § 399-p(3)(a);

(iii) whether the Members of the New York Class are entitled to damages as a result of Defendants' violations of GBL § 399-p(3)(a);

(iv) whether the Members of the New York Class are entitled to injunctive relief as a result of Defendants' violations of GBL § 399-p(3)(a); and

(v) whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendants' violations of GBL § 399-p(3)(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Pursuant to 47 U.S.C. § 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. § 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b) Pursuant to 47 U.S.C. § 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants knowingly or willfully violated 47 U.S.C. § 227(b)(1);

(c) Pursuant to 47 U.S.C. § 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. § 227(b)(1);

(d) Pursuant to New York General Business Law § 399-p(9), damages of $50 per violation of New York General Business Law § 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e) Pursuant to New York General Business Law § 399-p(9), an order enjoining Defendant from violating New York General Business Law § 399-p(3)(a); and

(f) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: May 24, 2016

Respectfully submitted,

*s/ Todd C. Bank*
TODD C. BANK, ATTORNEY AT LAW, P.C.
Todd C. Bank (TB-6825)
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

*Counsel to Plaintiff*